SMITH v. RAGSDALE.

1. EXEMPTION: *None against judgment in replevin.*

A defendant can not schedule his personal property against an execution on a judgment for the value of property and damages for its detention, recovered in replevin.

2. SAME: *Supersedeas: No appeal from refusal of justice of the peace to issue: Mandamus.*

There is no appeal from the refusal of a justice of the peace to issue a supersedeas, upon filing a schedule of exempted property; and a judgment on such appeal in the circuit court is *coram non judice,* and void. The remedy is by *mandamus.*

APPEAL from *Johnson* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

HARRISON, J.   Ragsdale recovered judgment, before a justice of the peace, against Smith, for the possession of a pony, but if not delivered, for forty dollars, its value, and twelve dollars and fifty cents, damages for its detention.

An execution was issued on the judgment, and levied on personal property, and the defendant filed with the justice a schedule of property claimed by him as exempt from execution, including that levied on, and asked a supersedeas against the sale.   The justice refused to issue a

supersedeas, and from such refusal the defendant appealed to the circuit court—giving an appeal-bond with Dauner and Kline as his sureties therein.

The circuit court affirmed the action of the justice in refusing to issue the supersedeas, and rendered judgment for the plaintiff against the defendant and said Dauner and Kline for fifty-two dollars and fifty cents—the amount of the value of the pony and the damages for its detention.

The defendant and Dauner and Kline appealed to this court.

As the execution was not issued for the collection of a debt due by contract, the defendant was not entitled to the exemption claimed. *Cons., Art. IX, sec. 1.*

And there could be no appeal from the refusal of the justice to issue the supersedeas. The issuance of a supersedeas, in such a case, is a mere ministerial duty, and the performance of it, when properly required, can only be enforced by mandamus. But as there could be no appeal, the circuit court had no jurisdiction, and its judgment was *coram non judice,* and void.

The judgment is reversed.