Gutierrez v. Territory.

[No. 1065, January 25, 1905.]

TOMAS C. GUTIERREZ, et al., Plaintiffs in Error, v.
 .   TERRITORY OF NEW MEXICO, ex rel., T.
J. CURRAN, et al.

SYLLABUS.

1.   The judgment of the court below was in accordance
with the law of the case as declared by this court upon the
former appeal.   Territory ex. rel., Curran, v. Gutierrez, et al.,
78 Pac. 139.

2.   The remedy for the erroneous refusal of an· appeal
or supersedeas is by mandamus and not by writ of error.

Error to the district court of Bernalillo county, before
BENJAMIN S. BAKER, Associate justice.   Affirmed.

W. B. CHILDERS, for plaintiffs in error.

F. W. CLANCY, and GEORGE W. PRICHARD, Solicitor
General, for defendants in error.

The district court should have granted plaintiffs in
error an appeal and fixed a supersedeas bond and allowed
it to be given.

> Sub-section 161 of Section 2685, Com-
> piled Laws, N. M., 1897; Sections 883 and
> 3136,   Compiled Laws, N. M., 1897;   Great
> Western Telegraph Co. v. Burnham, 162 U. S.
> 342.

GEORGE W. PRICHARD, Solicitor   General,   F.   W.
CLANCY, of counsel, for defendants in error.

This was a matter subsequent to the judgment and is
not properly assignable as error.   If the defendants below
were entitled to an appeal, their appropriate remedy was
by mandamus from this court to the district court.

> Ex-parte Jordan, 94 U. S. 248; Ex-parte
> R. R. Co. 95 U. S. 221; Ex-parte Tellner, 9
> Wall. 244; Vego's Case, 21 Wall. 648.

## STATEMENT OF FACTS.

The facts of this case were fully considered by this court upon the former appeal (Territory of New Mexico, ex rel., Curran, et al., v. Tomas C. Gutierrez, et al., 78 Pc. 139), when the case was reversed and remanded to the district court of Bernalillo for further proceedings in accordance with the opinion of this court. Upon the further hearing in the court below, the demurrer to defendants answer was sustained and defendants filed an amended answer. A motion to strike this answer was treated by the court below as a demurrer and sustained, whereupon defendants failed to plead further. Final judgment was entered in favor of the Territory declaring the defendants not entitled to the offices in controversy. Defendants thereupon prayed an appeal and the granting of a supersedeas, each of which motions was denied. Thereupon they sued out a writ of error from this court.

## OPINION OF THE COURT.

POPE, J.—Error is assigned upon the action of the court below in sustaining the demurrer and entering judgment against the defendants and also in refusing to grant the defendants an appeal and supersedeas. There was no error in entering judgment against the defendants upon the pleadings. The action of the court below in this respect simply followed the decision of this court upon the former appeal, (Territory ex rel., Curran v. Gutierrez, et al., 78 Pac. 139), which decision fixed the law of the case.

The remaining assignments of error are not available for the reason that defendants' remedy against erroneous action by the court in either of these respects was by *mandamus* and not by writ of error. Without discussing the authorities we deem it sufficient to cite, upon the proposition that the remedy for an erroneous refusal of an appeal or supersedeas is by mandamus and not by error, the cases of Richardson v. Rogers, 37 Minn., 461; Ex-parte Zellner, 9 Wall. 244; Ex-parte Jordan, 94 U. S. 248; Ex-parte Railroad Company, 95 U. S. 221; Ex-parte Walker, 54 Ala. 577; Smith v. Ragsdale, 36 Ark. 297.

The judgment is accordingly affirmed.

William J. Mills, C. J., Frank W. Parker, A. J., John R. McFie, A. J., Ira A. Abbott, A. J., Edward A. Mann, A. J., concur.