Bowser Furniture Company *v.* Johnson.

Opinion delivered April 12, 1915.

1. Sales—reservation of title—remedy of vendor.—Where property is sold with a reservation of title, the vendor has the right to elect between the remedies he may pusue; he may bring replevin and recover the specific article sold by him, or he may affirm the sale and waive the reservation of title and sue for the purchase money alone and recover judgment, which entitles him to process for the collection of the money.

2. Replevin—exemptions.—Kirby's Digest, § 6868, provides that a judgment in replevin shall be for the return of the property, or for the value thereof, in case a delivery can not be had, and damages for the detention, and against this character of judgment, the defendant can not claim his exemptions.

3. Remedies—election—replevin—exemptions.—Where the appellant has the alternate remedy to bring replevin, or to affirm the sale and recover a money judgment, and he elects the latter remedy, the appellee will be permitted to schedule his exemptions.

Appeal from Faulkner Circuit Court; *Eugene Lank-ford,* Judge; affirmed.

*Kerby & Floyd* and *Carmichael, Brooks, Powers & Rector,* for appellant.

1. A judgment necessarily follows the pleadings and proof, and takes its coloring and meaning from the pleadings. Originating in a justice of the peace court, it was only necessary to file an affidavit for replevin and get an order of delivery. The affidavit is for replevin, and the judgment of the circuit court recites that "if the furniture involved in this suit be returned within thirty days" etc. This shows that the subject-matter of the suit was replevin, and that the judgment was a replevin judgment. 2 Enc. Pl. & Pr. 868, 870, and cases cited; 23 Cyc. 793.

The defendant made no objection to it being *in solido.* 53 Ark. 411; 43 Ark. 207; 37 Ark. 544.

2. One is not entitled to claim exemptions in a judgment in replevin. 36 Ark. 297, 298; 84 Ark. 187; 63 Ark. 540; 82 Ark. 236.

*R. W. Robins,* for appellee.

1. The judgment speaks for itself. It does not recite that it is for damages or for the value of any property converted, but is clearly a judgment for the purchase money of the property involved in the suit, in form a judgment for debt, and the court in this proceeding can not go behind the face of the judgment to ascertain its nature. Waples on Homestead and Exemptions, 914.

2. The claim of exemptions was filed by appellee pursuant to section 3905, Kirby's Digest. This statute does not limit the right to exemption as to time wages to judgments on contracts. 12 Am. & Eng. Enc. of L., (2 ed.), 169; *Id.* 184. Statutes of this kind are construed liberally in favor of the right to exemption. 63 Ark. 83; 31 Ark. 652; 38 Ark. 112.

SMITH, J. Upon the trial of this cause in the court below the following judgment was rendered:

"* * * This cause was submitted to the court sitting as a jury, and the testimony of the witnesses was heard, and the court being well and sufficiently advised,

it is by the court considered, ordered and adjudged that the plaintiff have and recover of and from defendant the sum of $60.25, principal, and $10.80 interest, being a total of $71.05, and all the costs of this cause; and it is further considered, ordered and adjudged by the court that if the furniture involved in this suit be returned by the defendant within thirty days, that the records of this court shall be endorsed and satisfied in full by the plaintiff.''

A writ of garnishment was issued on this judgment and served upon appellee's employer, who stated in his answer that he was indebted to appellee in the sum of $8 for wages. Appellee filed a schedule of his property and claimed the wages due him as exempt, and his claim was allowed, and this appeal is taken from the judgment allowing the exemption.

It is claimed by appellant that the pleadings in the case will show that this was an action in replevin brought to recover the possession of certain furniture sold appellee, under a reservation of title in favor of appellant, and that consequently there can be no exemptions claimed against the judgment. Upon the other hand, the appellee insists that the judgment must speak for itself, and that while appellant may have had the right to have demanded that the ordinary judgment in replevin be rendered in its favor, it did not do so, and that the judgment in question is a mere judgment for the recovery of money, with the *proviso* that it might be satisfied in thirty days, by appellee by the return of the property originally sued for.

We think appellee's position is correct and that he, therefore, has the right to claim his exemptions against the enforcement of this judgment.

(1) Where property is sold with a reservation of title the vendor has the right to elect between the remedies he shall pursue. He may bring replevin and recover the specific article sold by him, or he may affirm the sale and waive the reservation of the title and sue for the purchase money alone, and recover a judgment

which entitles him to have process for the collection of the money.

In the case of *Spear* v. *Arkansas National Bank*, 111 Ark. 29, it was said: "Replevin is not an action for the collection of debt, but upon the contrary is a possessory action for the recovery of specific personal property."

And that case cited the opinion in the case of *Hawes* v. *Robinson*, 44 Ark. 308, in which case it was said: "It is essential to a proper affidavit in replevin that it describe the property sued for in such manner as to afford the means of identifying it."

And in the case of *Swantz* v. *Pillow*, 50 Ark. 300, Chief Justice COCKRILL said: "In replevin, the delivery of the property is the primary object of the action. The value is to be recovered in lieu of it, as an alternative only 'in a case a delivery can not be had' of the specific property. Man. Dig., § 5181. Whatever purpose beneficial to the defendant the judgment in the alternative may serve, it is not put in that form to give one who has been adjudged to be in the wrong, his election to pay the assessed value and retain the property as his own, against the will of the party to whom the judgment of the court has awarded it."

(2) The statute prescribes the form of a judgment to be rendered in a replevin suit. Section 6868, Kirby's Digest. It is provided that the judgment shall be for the return of the property, or for the value thereof in case a delivery can not be had, and damages for the detention, and this is the character of judgment against which one can not claim his exemptions. *Smith* v. *Ragsdale*, 36 Ark. 297.

(3) Appellant may have been entitled to a judgment of this sort, but we must determine the election he made of the remedy which he would pursue by the judgment rendered in his favor, and when we have done so, it appears that he has the money judgment to which he was entitled upon affirming the sale and electing to sue for the purchase money. Ordinary process might issue,

and did issue, for the enforcement of this judgment, and its nature as a money judgment is not changed by the fact that appellee within thirty days after its rendition might have satisfied it by the return of the property sold him by appellant. The judgment of the court below is, therefore, affirmed.

Kirby, J., dissents.