### BARNETT BROTHERS *v.* HENRY.

### Opinion delivered April 8, 1918.

1. JUDGMENTS—MAY BE SET ASIDE AFTER TERM, WHEN.—A judgment or decree may be vacated or modified after the expiration of the term for fraud or mistake in its procurement, in a proceeding instituted for that purpose in the court in which it was rendered.
2. JUDGMENTS—MAY BE VACATED, WHEN—PERSONAL JUDGMENT AGAINST AN INTERVENER IN A REPLEVIN SUIT.—A personal judgment is void, and may be set aside after the term, where the court rendered a personal judgment against an intervener for the amount of the debt in a replevin suit, the intervener having taken possession of the chattel in controversy, and having given his bond therefor. The court had, under the facts, power only to render judgment against the intervener for the re-delivery of the chattel, or for the value thereof.

Appeal from Hot Spring Circuit Court; *Scott Wood,* Judge on Exchange; affirmed.

*Oscar Barnett,* for appellant.

1. The complaint fails to state that appellees had a defense to the action in which the judgment was obtained. The demurrer should have been sustained. 52 Ark. 80; 12 S. W. 156; 102 Ark. 252; 144 S. W. 190; 54 Ark. 541; 16 S. W. 571; 83 Ark. 21; 102 S. W. 711.

2. The judgment became final at the end of the term and could not be set aside or modified. 139 S. W. 289; 99 Ark. 433.

3. Appellees made themselves parties and it was proper to render judgment against them. 125 S. W. 136; 94 Ark. 1; 35 *Id.* 278; 31 *Id.* 194; 37 *Id.* 206; 48 *Id.* 331.

4. It was the duty of appellees to keep themselves

informed of the progress of the suit, and show that they were guilty of no negligence. They can have no relief if the judgment was due to their own carelessness. 170 S. W. 222; 43 Ark. 107; 97 *Id.* 117; 133 S. W. 813; 93 Ark. 462; 125 S. W. 129; 39 Ark. 107.

5. The sheriff was a party defendant, but was dropped from the record and used as a witness. His testimony was inadmissible. The court erred in its rulings as to the admissibility of testimony.

6. It was error to modify the judgment and quash the execution. Henry and Smith were proper parties. By executing the bond the sureties became parties and liable. 125 S. W. 136; 94 Ark. 1; 35 *Id.* 278; 31 *Id.* 194; 48 *Id.* 331; 37 *Id.* 206. The order of the court should be set aside.

### STATEMENT OF FACTS.

On the 22nd day of June, 1917, S. E. Henry and Herschel Smith filed a petition in the circuit court against E. O. Barnett Bros. to modify a judgment rendered against them in said circuit court in favor of E. O. Barnett Bros. The material facts are as follows:

On the 25th day of May, 1916, Lee Jones executed a chattel mortgage to E. O. Barnett Bros. on two mules, a two-horse wagon and a set of double harness to secure a note due them by him for $133.71. The note bore date of May 25, 1916, and was due three months after date. Jones made default in the payment of the note when it became due, and in August, 1916, E. O. Barnett Bros. instituted an action in replevin against him in the circuit court to recover the property described in the mortgage for the purpose of selling it under the power of sale contained therein. An order of delivery was issued and under it the sheriff took possession of one of the mules, the wagon and the set of harness. S. E. Henry claimed the other mule and they executed a bond conditioned for the delivery of the mule upon the order of the court and he was permitted to retain possession of it. Herschel Smith signed the bond as his surety. The sheriff turned over

one of the mules, the wagon and set of harness to E. O. Barnett Bros. They caused these articles to be appraised and sold under mortgage. The property was sold for $60 which was two-thirds of its appraised value. The replevin suit was reached on the call of the calendar on the 19th day of January, 1917, and judgment by default was rendered in favor of E. O. Barnett Bros. The judgment recited the foregoing facts and it was directed that the sum of $60, the amount for which the mortgaged property was sold, be credited on the $133.71, the balance found to be due the plaintiffs by Lee Jones. The judgment recites that S. E. Henry and Herschel Smith are interpleaders in the action and made themselves such by their cross-bond filed herein. The concluding part of the judgment is as follows:

"Wherefore it is ordered, considered and adjudged by the court that the plaintiff have and recover from the defendant and the interpleaders herein the sum of seventy-three dollars and 71-100 dollars ($73.71) and that said mule retained by said S. E. Henry be delivered up to the plaintiff herein. That the same be sold by plaintiff according to the terms of said mortgage and according to law, and that the amount received therefrom be placed to the credit of this judgment. That plaintiffs have judgment for all their costs herein. That execution issue for any balance that may be due the plaintiff after the proceeds of said sale of said mule have been credited hereon."

On the 21st day of February, 1917, an execution was issued on said judgment and placed in the hands of the sheriff. The sheriff levied upon the mule in the possession of S. E. Henry and duly advertised it for sale on the 28th day of March, 1917. The mule was sold at public sale to S. E. Henry for $42.50, he being the highest bidder therefor. E. O. Barnett Bros. then caused an execution to be issued against S. E. Henry and Herschel Smith for the balance due on said judgment. All of the above facts were shown on the trial of the present action.

The court found that the judgment in the replevin suit in so far as it rendered a personal judgment against S. E. Henry and Herschel Smith for the balance of the mortgage debt, was void and it was adjudged that it should be set aside. To reverse that judgment this appeal has been prosecuted.

HART, J., (after stating the facts).

(1) This is in effect a proceeding after the expiration of the term at which a judgment was rendered to modify or set it aside under section 4431 of Kirby's Digest and to quash an execution alleged to be improperly issued on it under section 3224 of Kirby's Digest. A judgment or decree may be vacated or modified after the expiration of the term for fraud or mistake in its procurement in a proceeding instituted for that purpose in the court in which it was rendered. *Montague* v. *Craddock,* 128 Ark. 59; *Dale* v. *Bland,* 93 Ark. 266, and *Wood* v. *Stewart,* 81 Ark. 51. This brings us to a consideration of the question of whether the personal judgment against Henry and Smith in the replevin suit brought by E. O. Barnett Bros. against Lee Jones was procured by fraud or mistake. E. O. Barnett Bros. brought replevin against Lee Jones to recover possession of certain personal property which he had mortgaged to them and after he had made default in the payment of the mortgage debt. S. E. Henry claimed one of the mules embraced in the mortgage and was allowed to interplead for it and upon giving a delivery bond, was allowed by the sheriff to retain possession of the mule. E. O. Barnett Bros. did not give the indemnity bond provided for in such cases under section 6865 of Kirby's Digest.

(2) It is true, as claimed by counsel for appellants, that Henry and Smith became parties to the action in the replevin suit when they executed the delivery bond and retained possession of the mules under it and that thereafter they were required to take notice of the subsequent proceedings in the action. It can not be said, however, that they were negligent in allowing a personal judgment to be

rendered against them by default in the action. They could only be required to take notice of and anticipate such orders as the court had power to make in that action. The court had no authority to render a personal judgment against them in that action for the balance of the mortgage debt due the mortgagees by the mortgagors. Such a judgment was outside of the scope of the issues made by the pleadings, or which might legally have been made by the fact that they claimed title to the mule. The court could only have properly rendered judgment against them for the delivery of the mule to the plaintiff in the replevin suit or for the value thereof. The personal judgment in the replevin suit against Henry and Smith was not warranted and the judgment against them in that case to that extent was void. Therefore under the authorities above cited the court was warranted under section 4431 of Kirby's Digest in setting it aside as having been rendered by mistake.

It is next insisted by counsel for the appellants that the court should not have set aside or modified the judgment in the replevin suit until it was adjudged that there was a valid defense to that action. This claim is without merit for as we have already seen the court was not warranted in rendering a personal judgment against Henry and Smith. Counsel for appellants point to the fact that Henry claimed that he had sold the mule to Lee Jones and had retained title in it until it was paid for; that Jones had fully paid Henry for the mule at the time the replevin suit was instituted. The court properly excluded this testimony; for if true it could not affect the rights of the parties to the present suit. All that appellant had a right to do in the replevin suit was that the mule should be delivered to them by Henry. This the sheriff testified that Henry offered to do. In any event the sheriff took possession of the mule and sold it under the judgment of the court and the proceeds were applied towards the payment of the judgment of appellants in that action. So it will be seen that Henry relinquished all his right or title

in the mule and that it was sold and the proceeds applied towards the payment of the judgment of appellants. In no event then was the court authorized to render a personal judgment against appellees in favor of appellants in the replevin suit.

The court therefore was warranted under section 4431 of Kirby's Digest in setting aside, after the expiration of the term, the personal judgment rendered against appellees in favor of appellants in the replevin suit. So too, under section 3224 of Kirby's Digest it had the power to quash the execution as having been improperly issued. The judgment will be affirmed.