REED v. WEBB.

## Opinion delivered June 23, 1924.

1. SALES—WAIVER OF RETAINED TITLE.—A vendor of personal property who reserves the title therein until paid for has a right to treat the sale as absolute and sue for the purchase money, and in aid thereof to procure a specific attachment under Crawford & Moses' Dig., §§ 8729, 8730.

2. JUSTICE OF THE PEACE—JURISDICTION.—In an action on a note for the purchase of goods, which were seized under specific attachment, a justice of the peace had jurisdiction to render a personal judgment by default against the defendant, as the action was one for debt, and not for recovery of property.

Appeal from Chicot Circuit Court; *Turner Butler,* Judge; affirmed.

*John Baxter,* for appellant.

The judgment of the justice of the peace was void because not responsive to the order of delivery. Of the two remedies available to him, *i. e.,* to treat the sale as canceled and bring suit in replevin for the property, or to treat it as absolute and sue for the unpaid purchase money, plaintiff elected to take the first course. C. & M. Dig., §§ 8729, 8730; 156 Ark. 319; 78 Ark. 369; 100 Ark. 403; 117 Ark. 496. Having sued for the return of the property, he must abide by that election. 23 R. C. L. 924. And it is established law that judgments must conform to the pleadings, otherwise they are void. 104 Ark. 130.

*Golden & Golden,* for appellee.

HUMPHREYS, J. This is a proceeding by appellant against appellee in the circuit court of Chicot County, under a writ of certiorari asking to quash a personal judgment and garnishment proceedings thereon rendered against him on the 22d day of December, 1921, in the court of K. Dillender, a justice of the peace of Bowie Township, in said county. The alleged ground of attack on the judgment and garnishment proceedings was that the original suit before the justice of the peace was a suit in replevin, and not for the purchase money of the furniture.

Appellee filed a motion to quash the writ of certiorari, which was heard and sustained by the court.

An appeal has been duly prosecuted to this court from the judgment quashing the writ.

The original judgment sought to be canceled is as follows:

"S. B. & J. H. Webb, plaintiffs, v. Rufus Reed, defendant.

"On the 8th day of December, 1921, the plaintiffs filed before me their cause of action against the defendant for $240, as follows, to-wit: Unpaid note, with lien retained.

"Thereupon, a writ of summons and order of delivery was issued against the defendant, returnable on the 22d day of December, 1921, at 10 o'clock A. M., and delivered to the constable of Bowie Township.

"On this date this cause coming on for hearing, court being opened and defendant called three times, and failed to answer.

"After hearing the evidence offered by the plaintiff, it is by this court found, adjudged and ordered that plaintiff recover of defendant, Rufus Reed, the sum of $240, with 10 per cent. interest from September 1, 1921, until paid, and cost of this action, and it is ordered that the articles named in the note, or so much as necessary, be sold to pay this judgment, interest and cost, after being advertised for ten days. K. Dillender."

The unpaid note with lien retained, referred to in the judgment, was an installment contract for the purchase of certain furniture at specific prices, in which the title to the furniture was retained in appellee until appellant should pay the purchase money.

The order of delivery mentioned in the judgment was executed by the constable of the township by delivering a copy thereof to the wife of appellant at his home, and by leaving the furniture in their possession.

Appellant then insured the furniture for his benefit, and it was subsequently destroyed by fire. The loss was adjusted, and, before the amount was paid to appellant by the insurance company, appellee procured a writ of garnishment on the original judgment, and obtained an

order against the insurance company to pay the amount it owed on the policy to appellee on his judgment for the purchase money of the furniture.

Appellant contends for a reversal of the judgment quashing the writ of certiorari on the alleged ground that the justice of the peace exceeded his jurisdiction in rendering a personal judgment by default against him. It is contended that the suit was one for the recovery of property, and not for the recovery of money. Appellant is mistaken in this contention, because the first recital in the judgment is that appellee filed his cause of action against appellant for $240 upon the unpaid note with lien retained. Appellee had a right to treat the sale of furniture as absolute and sue for the unpaid purchase money, and, in aid thereof, to attach the furniture, under §§ 8729 and 8730 of Crawford & Moses' Digest. *Bowser Furniture Co. v. Johnson*, 117 Ark. 496; *Olson v. Moody, Knight & Lewis, Inc.*, 156 Ark. 319. The order issued in the case was not inconsistent with the proceeding to impound the property for the payment of the purchase money. In fact, this is what was done. The furniture was levied upon and left in possession of appellant, and a lien was subsequently declared thereon by the court for the payment of the purchase money. It was within the jurisdiction of the justice of the peace to render a personal judgment against appellant by default, as the suit was an action for debt.

No error appearing, the judgment is affirmed.