McCoy & Son v. Atkins.

Opinion delivered December 13, 1926.

1. REPLEVIN—JUDGMENT ON DELIVERY BOND.—Judgment against the surety on a delivery bond in replevin should be for the value of the property in case it is not returned, instead of for a greater amount named in the bond.

2. REPLEVIN—JUDGMENT AGAINST DEFENDANT—LIABILITY OF SURETY.—In replevin by a mortgagee for mortgaged chattels, judgment against the mortgagor is authorized by Crawford & Moses' Dig., § 7410, in order that he may prevent foreclosure by paying the judgment, but such judgment does not affect the surety on his delivery bond.

Appeal from Cleveland Circuit Court; *Turner Butler*, Judge; affirmed.

STATEMENT OF FACTS.

This is an action in replevin by J. E. McCoy & Son against A. Atkins to recover an automobile and three

mules under a chattel mortgage executed by the defendant to the plaintiffs. Upon a former appeal in the case the judgment was reversed because the circuit court had erred in holding that the plaintiffs had not complied with the statute in furnishing to the defendant a verified statement of his account, which is required by our statute as a prerequisite to the foreclosure of a chattel mortgage. *McCoy & Son* v. *Atkins,* 167 Ark. 250, 267 S. W. 779.

Upon a remand of the case the plaintiffs proved the amount of their mortgage debt, and also introduced in evidence a bond, filed in the case by the defendant, with W. W. Mitchell as surety, the body of which is as follows:

"We undertake and are bound to the plaintiffs, J. E. McCoy and R. T. McCoy, composing the firm of J. E. McCoy & Son, in the sum of one thousand dollars, that defendant, A. Atkins, shall perform the judgment of the court in this action."

The jury returned a verdict for the plaintiffs in the sum of $1,284.23 debt, with the accrued interest. The jury further found for the plaintiffs for the return of the property sued for or its value in the sum of $225. It was therefore adjudged by the court that the plaintiffs recover of the defendant the sum of $1,284.23 for his debt, with the accrued interest. It was further adjudged that the plaintiffs recover from the defendant the possession of the automobile and the three mules sued for, and that, in case delivery thereof cannot be made, the plaintiffs recover from the defendant and W. W. Mitchell the sum of $225, the value of said property. The plaintiffs have duly prosecuted an appeal to this court.

*George Brown,* for appellant.

*Woodson Mosley,* for appellee.

Hart, J., (after stating the facts). It is conceded that the sole issue raised by the appeal is whether or not the circuit court erred in rendering judgment against W. W. Mitchell, the surety in the replevin bond of the defendant, for the sum of $225, which the proof showed

to be the value of the mortgaged property, instead of for $1,000 as named in the bond.

It is insisted by counsel for the plaintiffs that W. W. Mitchell, the surety on the delivery bond given by the defendant in the replevin suit, is liable for the full amount named in the bond instead of the value of the property, and that the court erred in only rendering judgment against Mitchell for the value of the property as found by the jury. We cannot agree with counsel in this contention. The liability of Mitchell as surety on the delivery bond in the replevin action is fixed by the terms and conditions of his bond. The terms of a delivery bond in a replevin action are fixed by statute, and the bond signed by Mitchell in this action is in conformity with the statute. Section 8655 of Crawford & Moses' Digest reads as follows:

"In all actions for the recovery of personal property, where the defendant has given a delivery bond as now provided for by § 8649, the court or jury trying the cause may not only render judgment against the defendant for the recovery of the property, or its value, together with all damages sustained by the detention thereof, but also, upon motion of the plaintiff, render judgment against the sureties upon his said delivery bond for the value of the property, and also damages as aforesaid, as the same may be found and determined by the court or jury trying the case."

Mitchell, by the terms of his bond, bound himself unto the plaintiffs in the sum of $1,000 that the defendant, A. Atkins, should perform the judgment of the court. Under the provisions of § 8655, relating to actions in replevin, it was the duty of the court to render judgment against the defendant for the recovery of the property or its value, and also, upon motion of the plaintiff, to render judgment against the surety on the delivery bond for the value of the property and the damages sustained by the detention thereof. In the case at bar no damages were proved, and the value of the property was fixed by the jury, upon the evidence introduced, at $225. The cir-

cuit court correctly rendered judgment in favor of the plaintiffs against Mitchell for this amount.

It is true that the jury also found for the plaintiffs against the defendant in the sum of $1,284.23 for their debt, but the surety on the delivery bond was not concerned with the amount of the mortgage debt owed by the defendant to the plaintiffs. This, under our statute, is only done for the benefit of the defendant in order that he may pay the judgment for the balance due on his mortgage indebtedness and thereby prevent a foreclosure of the mortgage. Crawford & Moses' Digest, § 7410. This part of the judgment, however, does not affect the surety on the delivery bond. Judgment can only be rendered against him for the value of the property in case it is not returned by the defendant as provided in the judgment. *Spear* v. *Ark. N. B.,* 111 Ark. 29, 163 S. W. 568; *Bowser Furniture Co.* v. *Johnson,* 117 Ark. 496, 175 S. W. 516; *Barnett Bros.* v. *Henry,* 133 Ark. 531, 202 S. W. 707; and *Jones* v. *Keebey,* 159 Ark. 586, 252 S. W. 551.

It follows that the judgment will be affirmed.