UNITED STATES of America, by Griffin B. BELL, the Attorney General, on Behalf of F. Ray MARSHALL, the Secretary of Labor, and the Equal Employment Opportunity Commission, Plaintiffs-Appellees,

v.

ALLEGHENY–LUDLUM INDUSTRIES, INC., et al., Defendants-Appellees,

United Steelworkers Justice Committee et al., Movants-Appellants.

No. 76–2717.

United States Court of Appeals, Fifth Circuit.

June 6, 1977.

Richard Kirschner, Miriam L. Gafni, Philadelphia, Pa., Peyton D. Bibb, Birmingham, Ala., for movants-appellants.

Robert T. Moore, Atty., Civil Rights Div., U. S. Dept. of Justice, Frederick S. Mittelman, Atty., E. E. O. C., Washington, D. C., Wayman G. Sherrer, U. S. Atty., Birmingham, Ala., Richard S. Ugelow, Atty., J. Stanley Pottinger, Asst. Atty. Gen., U. S. Dept. of Justice, Washington, D. C., Abner W. Sibal, Gen. Counsel, Washington, D. C., John C. Falkenberry, Birmingham, Ala., Bernard Kleiman, Chicago, Ill., Carl Frankel, United Steelworkers of America, Pittsburgh, Pa., Adams, Baker & Clemon, Birmingham, Ala., for appellees.

Michael H. Gottesman, Washington, D. C., for Allegheny-Ludlum Ind., et al.

Jerome A. Cooper, Birmingham, Ala., for United Steelworkers of America.

James R. Forman, Jr., W. K. Murray, Birmingham, Ala., for U. S. Steel Corp.

Before WISDOM, GEE and FAY, Circuit Judges.

PER CURIAM:

This appeal considers the right of steelworkers to intervene in a Title VII employment discrimination action against their employers and union. Because the workers

did not move to intervene in a timely fashion, we affirm the district court's denial of their motion.

The United States, on behalf of the Secretary of Labor and the Equal Employment Opportunity Commission, filed an action against nine of the major steel producers and the United Steelworkers of America under Section 707 of Title VII of the Civil Rights Act of 1964, as amended. The complaint alleged (1) that the companies and union had and were engaged in a pattern or practice of employment discrimination on the basis of race, color, sex, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and (2) that the companies had failed to comply with contractual obligations to the United States under Executive Order 11246, as amended, not to discriminate on the basis of race, color, sex, or national origin, and that the union had interfered with compliance by the companies with these contractual obligations and otherwise contributed to the companies' non-compliance.

On April 12, 1974, the same day the complaints were formally filed, two consent decrees were entered by the district court. The first concerned employment practices involving both the steel companies and the union, and the second concerned practices under the exclusive control of the companies. The first decree (Consent Decree I) is the only one in issue in the present proceeding.

The provisions of Consent Decree I are designed to correct the continuing effects of past discriminatory hiring, initial assignment, promotion, and transfer practices. Their adequacy and legality, as well as that of other provisions of Consent Decrees I and II, were previously challenged by three organizations, four individuals, and six groups of plaintiffs. The district court found those challenges to be without merit,

and an appeal was taken to this Court where that decision was affirmed.[1]

A more complete history of this litigation is set forth in the Court's opinion in *United States v. Allegheny-Ludlum Industries,* 5 Cir. 1975, 517 F.2d 826, *cert. denied,* 1976, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187, and, for purposes of this appeal, need not be repeated. In *Allegheny Ludlum I* the Court decided, *inter alia,* that the consent decrees were lawful and that the district court correctly denied intervention to the National Organization for Women.

The appellants, applicants for intervention, are the United Steelworkers Justice Committee and fifty employees in the steel industry who allege that they "have been adversely affected by the implementation of Consent Decree I". The applicants seek, as did the appellants in *Allegheny Ludlum I,* to have Consent Decree I vacated and set aside.[2]

The application for intervention, along with a counterclaim for declaratory and injunctive relief, was filed on January 29, 1975. At the time of filing, the appeal in *Allegheny Ludlum I* was pending before this Court. Trial Judge Pointer ruled that until this Court decided the pending appeal he did not have jurisdiction to consider the merits of the motion to intervene. On August 18, 1975, in *Allegheny Ludlum I* this Court affirmed the lawfulness of the consent decrees and otherwise upheld the decision of the district court.

By order dated March 22, 1976, the district court denied the motion for intervention because neither the Committee nor the individual applicants were entitled to intervention as of right under either Rule 24(a)(1) or 24(a)(2) of the Federal Rules of Civil Procedure. The district court held that the motion for intervention was not timely. The motion was filed nine months

---

1. In order to avoid confusion with this appeal, the Court's decision found at 517 F.2d 826, and the proceedings leading up to that decision, are referred to herein as *Allegheny Ludlum I.*

2. The present applicants seek to void Consent Decree I because its implementation has al-

legedly affected their earnings and job opportunities adversely. The appellants in *Allegheny Ludlum I* sought to have the decree vacated because, in their opinion, it did not provide sufficient job opportunities and other relief to women and minorities.

after the union and the companies reached the consent agreement with the EEOC and seven and a half months after the district court issued a judgment on the legality of the agreement.

We reject the steelworkers' appeal principally on the basis of the decision of the district court and its careful procedural attempts not to prejudice any rights asserted by the applicants for intervention.

"Timeliness . . . is to be determined by the Court in the exercise of its sound discretion; unless that discretion is abused the Court's ruling will not be disturbed on review." *NAACP v. New York*, 1973, 413 U.S. 345, 366, 93 S.Ct. 2591, 2603, 37 L.Ed.2d 648. *See also McDonald v. E. J. Lavino Co.*, 5 Cir. 1970, 430 F.2d 1065. Here the trial judge did not abuse his discretion. Post-judgment intervention is rare. The applicants offered no compelling reason for waiting until seven and a half months after the judgment and six months after implementation of the decrees to file their motion. Intervention now for the purpose of challenging the consent agreement will prejudice the appellees by jeopardizing months of negotiations, causing substantial litigation expenses, and even more substantial expenses of implementation. The applicants knew of the consent agreement three days after the suit was filed; numerous other individuals and groups moved to intervene before the district court entered a judgment on the decrees. To allow the applicants to intervene now would disrupt carefully considered proceedings.

Because the district court correctly denied the motion to intervene as untimely under Rule 24(a), we do not reach the additional grounds on which the district court based its decision. The judgment is AFFIRMED.