Murphy SMITH, Jr. et al.,
Plaintiffs-Appellees,

v.

MISSOURI PACIFIC RAILROAD COMPANY et al., Defendants-Appellees.

Fred B. Fluitt et al.,
Intervenors-Appellants.

No. 78–3477
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 18, 1980.

* Fed.R.App.P. 34(a); 5 Cir. R. 18.

684

Drew Ranier, Lake Charles, La., for intervenors-appellants.

Nelkin & Nelkin, Stuart Nelkin, Houston, Tex., for Murphy Smith et al.

James P. Simpson, Dallas, Tex., Anderson, Leithead, Scott, Boudreau & Savoy, Everett R. Scott, Jr., Lake Charles, La., for Missouri Pac. R. Co.

Rives, Peterson, Pettus, Conway, Elliott & Small, Clarence M. Small, Jr., Birmingham, Ala., for United Transportation.

Before GEE, RUBIN and POLITZ, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

After a suit was filed contending that a railroad had discriminated against black conductors, the district court entered an order agreed upon by the parties modifying the railroad's seniority system and giving black employees retroactive seniority. White employees were notified of the suit, and given a chance to intervene. Two years later, eleven white employees sought to have the court set aside that order. We conclude that the trial court correctly refused to do so.

The "Agreed Order" was entered on October 10, 1975, in partial settlement of a suit brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the Railway Labor Act, 45 U.S.C. § 151 et seq., against the railroad and the union by black employees of the railroad. That suit alleged historic discrimination against black employees in conductor positions and perpetuation of that discrimination in the promotion, job transfer, and seniority system maintained by the railroad and the union.[1] Pursuant to the "Agreed Order", the seniority system was modified by the union and the railroad to provide black employees who qualified as conductors with retroactive seniority to a date two years after they were first employed as brakemen with the railroad.

Notice of the suit and the "Agreed Order" was given to white employees of the company and they were invited to intervene. Nevertheless, only one of the current group of appellants protested the "Agreed Order". He did not appeal the entry of the order.

Approximately two years after the agreement had become effective and the action had been dismissed, eleven white employees moved under Rule 60(b) of the Federal Rules of Civil Procedure to amend the "Agreed Order", claiming that International Brotherhood of Teamsters v. United States, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) had "modified or overruled" the cases upon which the revised seniority agreement was based. The district court denied the motion, holding that Rule 60(b) does not permit attacks on final judgments by those not parties to the original action and that the attempted intervention was untimely. The district judge held that failure to appeal the court's decree entering the order could not be circumvented by the untimely Rule 60(b) motion.

Whether we treat this action as a Rule 60(b) motion or, as the appellants urge on appeal, as a Rule 24(a) motion to intervene, its resolution is within the sound discretion of the trial judge. See Edwards v. Joyner, 566 F.2d 960, 961–62 (5th Cir. 1978) (Rule 60(b) motion is addressed to discretion of district court and ruling will not be overturned absent abuse of discretion); United States v. Allegheny-Ludlum Industries, Inc., 553 F.2d 451, 453 (5th Cir. 1977), cert.

1. The suit was premised, in part, upon the rights granted by the Civil Rights Act of 1964.

*denied*, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978) (timeliness of motion to intervene is matter of sound discretion of trial judge, reviewable only for abuse of discretion).

The district judge did not abuse that discretion. The eleven white employees delayed more than two years before challenging the consent decree despite notice of the suit and the decree and an invitation to intervene; the revised seniority system had been in effect for 22 months and the case long closed when this motion was made. There must be an end to litigation at some point. It would defeat both the aim of finality and the integrity of the settlement process in civil rights actions if this action could be revived and the settlement reevaluated at any time by any person—party or nonparty—who felt aggrieved enough to file a Rule 60(b) motion for post-judgment relief.

The decision of the district judge is AFFIRMED.