Carl EDMONSON, et al.,
Plaintiffs-Appellants,

v.

UNITED STATES STEEL CORPORA-
TION, et al., Defendants-Appellees.

No. 80–7006.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Oct. 19, 1981.

Ralph E. Coleman, Birmingham, Ala., for plaintiffs-appellants.

Michael Gottesman, Washington, D. C., Cooper, Mitch & Crawford, Jerome A. Cooper, Birmingham, Ala., Richard Antonelli, Pittsburgh, Pa., Robert T. Moore, Civ. Rights Div., Dept. of Justice, Raymond R. Baca, Lutz Alexander Prager, EEOC, Washington, D. C., for defendants-appellees.

Before FAY, FRANK M. JOHNSON, Jr. and THOMAS A. CLARK, Circuit Judges.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

PER CURIAM:

We affirm on the basis of the opinion of the District Judge, which is appended hereto.

AFFIRMED.

## APPENDIX

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

| | |
|---|---|
| CARL EDMONDSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| –vs.– | ) NO. CA 79 P 0299 S |
| | ) |
| | ) |
| | ) |
| UNITED STATES STEEL CORPORATION, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OF OPINION

The plaintiffs' amended complaint is before the court on the defendants' motions to dismiss or, alternatively, for summary judgment. Inasmuch as judicial notice is being taken of matters of record in related litigation, the motions are treated as ones for summary judgment and, as so treated, are granted.

The background for this litigation and the basic issues presented are well described in the briefs filed by the defendants, and need not be recited in detail in this opinion. In essence, the plaintiffs, who are or have been employees at the Fairfield Works of United States Steel Corporation, are attacking as unlawful (1) the system of plant-wide seniority as was mandated by this court in May 1973 in other litigation, (2) a limited "return right" as was granted to blacks and women under a December 1974 decree in that litigation, and (3) a limited preference with respect to apprenticeship vacancies as was granted blacks in the May 1973 decree and extended, with some modifications, to include women by the December 1974 order. Although unclear even after court-directed amendment to make the claims more definite, the complaint apparently has two themes: first, the prelitigation seniority system was bona fide under § 703(h) of the

Civil Rights Act of 1964 and therefore should not have been modified by the court; and second, in the three particulars noted the existing seniority system constitutes unlawful employment discrimination.

To the extent the plaintiffs are attempting to state claims under Title VII,[1] that effort is unavailing. No charges have been filed with the EEOC. The allegation—without regard to its credibility—that some of the plaintiffs sought unsuccessfully in *June 1973* to file an EEOC charge is, on its face, wholly insufficient as a basis for excusing under equitable principles this 1979 lawsuit from the strictures for Title VII litigation.

It is clear that some, if not most, of the plaintiffs' claims under 42 U.S.C. § 1981 are, as urged by defendants, barred by the one year statute of limitations. The court would not, however, at this stage of the proceedings grant the defendants' motions on that ground. It appears at least with respect to the plaintiff Easterwood—and this could be true for other plaintiffs—that there has occurred in the year prior to filing of the complaint some employment event about which the plaintiffs are complaining. The real question is whether such claims under the circumstances are cognizable under 42 U.S.C. § 1981.

The basic position of the plaintiffs—as indicated by the proposed definition of a class on whose behalf this lawsuit would be maintained, and as acknowledged by plaintiffs' counsel during oral argument on the defendants' motions—is that the pre-1973 seniority system at Fairfield Works was lawful, should not have been altered by the court in other litigation, and therefore should be restored through the present lawsuit. Even if plaintiffs were correct in their evaluation of the former seniority system, such fact would not suffice to support a claim under § 1981. In this aspect, the plaintiffs are basically attempting belatedly and incorrectly to relitigate a case that has been fully and finally litigated.

---

1. Paragraph 23 of the amended complaint may be read as disavowing the original allegations which had specified Title VII as one of the grounds for their claims.

The alternative position of the plaintiffs—that the present court-ordered or court-approved seniority system is unlawful—is also without merit. As is perhaps implicit in paragraph 24 of the amended complaint and as was candidly acknowledged by their counsel at oral argument, the plaintiffs are essentially urging that plant-wide seniority improperly discriminates in favor of other employees of their *same* race and sex. Such an assertion is without constitutional implications and does not violate § 1981. Even if plaintiffs were to contend that plant-wide seniority as ordered by the court had racial or sexual impact adverse to them, that system would itself be immunized under Section 703(h) of the 1964 Civil Rights Act; for this court can take judicial notice of the other litigation to determine that the provisions of that section are, without genuine dispute, satisfied. See *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157 (C.A.5 1978) (immunity under 703(h) extends to § 1981 actions).

The special "return rights" and apprenticeship preferences given to blacks and women require analysis separate from that involving plant-wide seniority. The two provisions are not neutral on the face, but rather appear to grant—indeed, were intended to grant—special benefits to blacks and women, thus discriminating against employees of the same race and sex as the plaintiffs. The plaintiffs' attack [2] upon these employment practices therefore have prima facie validity under § 1981 and there is no immunity under § 703(h).

As they grant special benefits to black employees, these provisions are however beyond attack by the plaintiffs—for they were adopted by a court as a remedial measure after having ascertained in litigation that blacks had previously been the victims of unlawful employment discrimination. Contrary to the plaintiffs' argument, "reverse discrimination" in such circumstances is not precluded either by *University of California Regents v. Bakke*, 438 U.S. 265, 98 S.Ct. 2733, 57 L.Ed.2d 750 (1978), or by *United Steelworkers of America v. Weber*, 443 U.S. 193, 99 S.Ct. 2721, 61 L.Ed.2d 480 (1979).

As they grant special benefits to female employees—a matter not involved in the original Fairfield Works litigation—, they are similarly permissible under the standards recognized in *United Steelworkers of America v. Weber, supra*. These provisions—treating females in like manner as blacks—were adopted through the collective bargaining process by the parties, are limited in application and effect, do not "unnecessarily trammel the interests of [male] employees", do not "require the discharge of [male] employees and their replacement with new [female] hires", and do not "create an absolute bar to the advancement of [male] employees".

This the 1st day of October, 1979.

/s/ Sam C. Pointer, Jr.
United States District Judge

THOMAS A. CLARK, Circuit Judge, specially concurring:

I concur with the result reached by the majority. I write separately because I believe the impact of cases decided since the district court's opinion was written make it desirable to implement that answer to plaintiffs' claim for relief.

Plaintiffs contend that *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) protects bona fide seniority systems.[1] They argue that the original seniority system of which they were beneficiaries was bona fide and should be reestablished. The plaintiffs have journeyed long in their search to vindicate the wrong which they believe was done to them.

---

2. The court assumes (though this is unclear from the pleadings) that one or more of the plaintiffs have standing to challenge the two special provisions on the basis of some employment practices occurring within the year preceding the filing of the complaint.

1. Not all seniority systems, in fact not even all bona fide seniority systems, are protected. *Pettway v. American Cast Iron Pipe Co.*, 576 F.2d 1157, 1188–92 (5th Cir. 1978).

Although the record does not so reflect, it must be true that the plaintiffs were unable to persuade a majority of their union to join them in their attack on the current seniority system. As an original party to the litigation which resulted in the revamped seniority system, the union would have been a proper party to seek modification or to file an independent action via Fed.R.Civ.P. 60(b). Unable to persuade their comrades to join in the fight, the appellants sought to intervene in the *Fairfield* case.[2] This move was dismissed as untimely. In dismissing that motion, the district judge pointed out that a denial of intervention was not a bar to relief since an independent action might be maintained to attack the seniority system in question. This is just such an independent action.

I agree with the district court that plaintiffs cannot relitigate the seniority system involved here. However, since the district court's opinion, we have recognized that circumstances might permit modification of a consent decree if the original seniority system was bona fide as defined by *Teamsters*.[3] On the other hand in *Smith v. Missouri Pacific Railroad Co.*, 615 F.2d 683 (5th Cir. 1980), another intervening decision of our court, we said rather strongly that no person—an original party or a non-party—should be allowed under Rule 60(b) to modify a seniority system established by a consent decree.

It is unnecessary in this case to enter the uncertain terrain spawned by *Teamsters*. The decision as to what circumstances, if any, will permit the reestablishment of an original bona fide seniority system will have to await another day. Nevertheless, the claim of *these* plaintiffs may be directly addressed because they are not entitled to seek this particular relief. Normally, a non-party has no right under Rule 60(b) to bring an independent action to modify a consent decree agreed upon by the parties, when no such relief is sought by any of the parties themselves. Here, the plaintiffs are members of the union which was a party to the consent decree and a defendant here. Plaintiffs' remedy, if such exists, rests with their representative, the union.

---

2. *EEOC v. United States Steel Corp., et al.*, No. CA 70–906–S (N.D.Ala.1977). The consent decree was entered in 1974. Intervention was denied on October 11, 1977.

3. *United States v. Georgia Power Co.*, 634 F.2d 929 (5th Cir. 1981). *See also Roberts v. St. Regis Paper Co.*, 653 F.2d 166 (5th Cir. 1981) (original party argued continued enforcement no longer equitable and court noted that 60(b) was proper vehicle to raise claim); *Terrell v. United States Pipe and Foundry Co.*, 644 F.2d 1112 (5th Cir. 1981) (original party raised *Teamsters* issue on appeal). *But see EEOC v. Safeway Stores, Inc.*, 611 F.2d 795 (10th Cir. 1979) (the policy of finality in litigation is too strong to allow modifications).

