**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 91-2073
_____


ENGRA, INC.,

                                        Plaintiff-Appellant,

                VERSUS


                MORRIS I. GABEL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court for the
            Southern District of Texas
_____
                (April 6, 1992)

            ON PETITION FOR REHEARING

Before DAVIS, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

    Attorney Van McFarland's petition for rehearing and the amicus brief filed in this case lead us to conclude that our original opinion unnecessarily decided issues of Texas law.  A number of alternate grounds are available on which this case may be decided. We elect to withdraw our earlier opinion and substitute the following:


    Attorney Van McFarland filed this action to enforce a contingent fee agreement with his client, Engra, Inc. against Morris Gabel, the party his client sued.  The district court

rendered a take-nothing summary judgment against McFarland. We affirm and assess sanctions.

## I.

In 1986, Van McFarland undertook the representation of Engra, Inc. in its action against Morris I. Gabel under the federal securities laws. The fee agreement between McFarland and Engra included the following provision:

> Our agreement is that we will represent you in the suit and pursue it to settlement or judgment for 40% of all recovery . . . . By execution below, each of you hereby sell, transfer and assign unto us 40% of your claims and causes of action in the referenced cases to secure performance of this agreement.

In June 1987, Engra filed a petition in bankruptcy which automatically terminated McFarland's right to control the litigation as Engra's counsel. McFarland was listed as a creditor in the petition. In March 1988, the bankruptcy judge approved a compromise and settlement of the claims arising out of the litigation between Engra and Gabel for approximately $317,000 and the suit was dismissed with prejudice. McFarland had full notice of the proposed settlement and in fact corresponded with Gabel's attorney as to whether the settlement included all claims.

Eight months later in December 1988, McFarland filed a "Notice of Party in Interest" in Engra's original securities fraud action in district court asserting a 40% interest in Engra's cause of action. The district court scheduled a status conference on the case in October 1990. McFarland then filed a "Memorandum Concerning Validity of Assignment and Standing of Party in Interest". Gabel and McFarland filed cross motions for summary

2

judgment. McFarland also filed a "Motion for leave to file amended intervention and notice of real party in interest." The district court denied all of McFarland's motions, including his motion to intervene, and granted Gabel's motion for summary judgment. McFarland appeals.

## II.

McFarland was not named as a party to the action between Engra and Gabel. As a non-party, he has no rights in the litigation between his client and the defendant unless and until he is permitted to intervene. Under Rule 24 of the Federal Rules of Civil Procedure, intervention is proper only upon "timely application". Fed.R.Civ.P. 24(a) and (b); **United Airlines, Inc. v. McDonald**, 432 U.S. 385, 53 L.Ed.2d 423, 427 (1977); **Stallworth v. Monsanto Co.**, 558 F.2d 257, 263 (5th Cir. 1977).

In determining whether McFarland's motion to intervene was timely, we consider four factors:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene.

(2) The extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case.

(3) The extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied.

(4) The existence of unusual circumstances militating either for or against a determination that the application is timely.

**Stallworth**, 558 F.2d at 264-66.

3

First, McFarland knew of his interest in this case from its inception. In particular, he knew that his rights to collect his fee, whatever those rights may be, were no longer being represented in mid-March 1988, when he became aware of the proposed settlement between the bankruptcy trustee and Gabel, and corresponded with Gabel's attorney concerning the settlement. McFarland took no action to protect his interest in the settlement proceeds before the bankruptcy judge dismissed all claims between Engra and Gabel with prejudice on April 22, 1988. In fact, McFarland did nothing until December 1988, when he filed a "Notice of Party in Interest" in federal district court. Even if we read that filing as a Motion to Intervene, it came eight months after the settlement and dismissal. See **United States by Bell v. Allegheny-Ludlum Industries, Inc.**, 553 F.2d 451 (5th Cir. 1977) (Motion to intervene seven and a half months after judgment and six months after implementation of the decrees is untimely.)

Second, Gabel will suffer (and has suffered) prejudice by McFarland's failure to assert his rights in a timely manner in the bankruptcy proceeding. At the time of settlement and dismissal, Gabel believed that his liability for claims asserted in the Engra suit was discharged. McFarland's delay has required Gabel to relitigate a claim he justifiably thought was resolved.

Third, McFarland will suffer little prejudice if his petition for intervention is denied. Even assuming that McFarland has a legitimate argument on the merits to recover from Gabel, the party his client sued, (which is doubtful), he could just as easily have

4

pursued this claim in state court. This is especially true in this case where there were no ongoing proceedings in the district court, the claims had been settled and dismissed months earlier, and the only unresolved claim asserted by McFarland was his rights under his fee agreement with his client. Fourth, there are no unusual circumstances militating in favor of finding that McFarland's motion was timely.

Based on the above analysis, the district court did not err in denying McFarland's motion to intervene. As the facts above aptly demonstrate, attorney Van McFarland had full opportunity to protect whatever rights he had under this fee agreement with his client, Engra, Inc., in the bankruptcy proceedings. His motion to intervene in the case, filed at the earliest in December 1988, eight months after the case between Engra and Gabel was settled and dismissed, is untimely as a matter of law.

In fact, these facts present a particularly egregious case of a member of the bar multiplying the burdens of litigation. A prudent counsel would have presented his claims for attorney fees to the bankruptcy court. That was the obvious time and place to do so. McFarland ignored that opportunity and instead generated an entirely new round of litigation. He offers no excuse for following this unreasonable course of conduct that was burdensome to both the court and Gabel.

McFarland's appeal from the dismissal of his motion to intervene unreasonably and vexatiously multiplied the proceedings. We therefore impose sanctions against Mr. McFarland under 28 U.S.C.

5

§ 1927 in the amount of $1,500 for the excess costs, expenses and attorney fees he required Gabel to incur. Mr. McFarland shall certify to the clerk within thirty days after our mandate issues that he has paid the $1500 to Gabel or explain why he has not done so.

AFFIRMED. Sanctions imposed.